# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

| | |
|---|---|
| **JOYCE LANELLE BUTLER** | **PLAINTIFF** |
| **V.** | **CASE NO. 1:04CV286** |
| **DOLGENCORP, INC.** | **DEFENDANT** |

## ORDER

This cause comes before the Court on the defendant's motion to strike the opinions and testimony of the plaintiff's proffered expert, Dr. John W. McFadden, Jr. [36-1]. The Court has reviewed the briefs and exhibits submitted by the defendant. The plaintiff has not responded to this motion, which was filed more than two months ago. The Court is prepared to rule.

The plaintiff is Joyce Lanelle Butler, a Mississippi resident who was allegedly injured in a slip-and-fall accident at a Dollar General Store in Tupelo, Mississippi. The defendant is Dolgencorp, Inc., Dollar General's parent company. The instant motion seeks to exclude the testimony of Dr. John W. McFadden, the sole expert witness proffered by Butler. The motion cites three grounds for excluding McFadden: (1) McFadden has lost his license to practice medicine in Mississippi due to ethical and legal violations and he is not licensed in any other state; (2) McFadden's only medical qualifications were in the field of pediatrics and he is not qualified to testify as to Butler's injuries and treatment; and (3) McFadden's methodology is unreliable under Rule 702 and Daubert.

The uncontroverted facts before the Court indicate that McFadden's license to practice medicine was suspended in 1999 for, among other things, "unprofessional conduct, which included 'dishonorable or unethical conduct likely to deceive, defraud or harm the public.'" McFadden v. Mississippi State Bd. of Medical Licensure, 735 So.2d 145, 148 (Miss. 1999)(affirming Board's

ruling which revoked McFadden's license).  His license was indefinitely suspended in 2002 and apparently remains suspended to this day.

The record further reflects that McFadden's training, to the extent it may lead to any admissible testimony, is in the field of pediatrics.  Consequently, any testimony he offers regarding Butler's injuries is beyond the scope of his field of expertise.  Dolgencorp also submits several cases before the Mississippi Employment Compensation Commission in which the Commission rejected McFadden's testimony, finding that he tendered treatment to patients seeking Worker's Compensation benefits which were not warranted by their injuries and that he had admitted during voir dire that he had no formal training in the area of pain medicine.

Finally, as Dolgencorp notes, McFadden's opinions offer no explanation or analysis as to how he came to his conclusion that Butler has suffered a 15% permanent impairment.  It is well established that, under Rule 702, expert testimony is inadmissible unless the expert can show that "(1) the testimony is based on sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case."  Fed. R. Evid. 702; see also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 119 S.Ct. 1167 (1999).

In light of the foregoing, the Court agrees with Dolgencorp that the facts presented do not support a finding that McFadden is capable of providing expert testimony which satisfies the requirements of Rule 702 and of Daubert and its progeny.  Accordingly, the motion [36-1] to strike McFadden's testimony and opinions is GRANTED.

This is the 20th day of April, 2006.

      **/s/ Michael P. Mills**
      **UNITED STATES DISTRICT JUDGE**